**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

IN RE: APPLICATION OF JOSH      :    No. 98 MM 2017
SHAPIRO, ATTORNEY GENERAL OF    :
THE COMMONWEALTH OF            :
PENNSYLVANIA, REQUESTING AN       :
ORDER DIRECTING THAT AN          :
ADDITIONAL MULTICOUNTY           :
INVESTIGATING GRAND JURY HAVING   :
STATEWIDE JURISDICTION BE        :
CONVENED                        :

## *ORDER*

AND NOW, this 7th day of July, 2017, upon consideration of the Application of

Josh Shapiro, Attorney General of the Commonwealth of Pennsylvania, and it

appearing to the Court that the granting of the Application is appropriate under the

Investigating Grand Jury Act, 42 Pa.C.S. §§ 4541 *et seq.*, it is hereby ORDERED as

follows:

1. The Attorney General's Application requesting an Order directing that an

additional multicounty investigating grand jury having statewide jurisdiction ("Forty-

Second Statewide Investigating Grand Jury") be convened is hereby GRANTED.

2. The Honorable J. Wesley Oler, Jr., Judge of the Court of Common Pleas,

Ninth Judicial District, Cumberland County, Pennsylvania, is hereby designated as

Supervising Judge of the Forty-Second Statewide Investigating Grand Jury. All

applications and motions relating to the work of the Forty-Second Statewide

Investigating Grand Jury—including motions for disclosure of grand jury transcripts and

evidence—shall be presented to the Supervising Judge. With respect to investigations,

presentments, reports, and all other proper activities of the Forty-Second Statewide Investigating Grand Jury, Judge Oler, as Supervising Judge, shall have jurisdiction over all counties throughout the Commonwealth of Pennsylvania. Judge Oler may temporarily designate another jurist who has been appointed by this Court as the Supervising Judge of a multicounty investigating grand jury having statewide jurisdiction to serve as Acting Supervising Judge of the Forty-Second Statewide Investigating Grand Jury when Judge Oler is absent or otherwise unavailable.

3. Dauphin County is designated as the location for the Forty-Second Statewide Investigating Grand Jury proceedings.

4. The Court Administrator of Pennsylvania is directed to draw six counties at random from the Middle District of Pennsylvania pursuant to the provisions of Rule 241(A)(1) of the Pennsylvania Rules of Criminal Procedure, and these six counties, plus Dauphin, shall together supply jurors for the Forty-Second Statewide Investigating Grand Jury.

5. The Court Administrator of Pennsylvania is directed to obtain the names and addresses of persons residing in the aforesaid counties who are eligible by law to serve as grand jurors pursuant to the provisions of Rule 241(A)(2) of the Pennsylvania Rules of Criminal Procedure.

6. The total of such names of prospective jurors to be collected shall be two hundred, of which fifty shall be selected at random and summoned by the Court Administrator of Pennsylvania to Dauphin County. The Supervising Judge shall impanel the Forty-Second Statewide Investigating Grand Jury from this panel of fifty prospective

jurors. If it becomes necessary, additional prospective jurors shall be summoned by the Supervising Judge from among the remaining one hundred fifty prospective jurors.

7.     The Forty-Second Statewide Investigating Grand Jury will remain in session for not more than eighteen months following the date that it is impaneled by the Supervising Judge.

8.     The Attorney General of the Commonwealth of Pennsylvania, or his designee in charge of the Forty-Second Statewide Investigating Grand Jury, may apply, if necessary, to the Supervising Judge for an extension of the term of the Forty-Second Statewide Investigating Grand Jury for an additional period of up to six months, if, at the end of its original term, the Investigating Grand Jury determines by majority vote that it has not completed its business.  The Forty-Second Statewide Investigating Grand Jury's term, including any extension thereof, shall not exceed twenty-four months from the date it was originally impaneled by the Supervising Judge.

9.     In addition to maintaining control of transcripts and evidence as provided by Rule 229 of the Pennsylvania Rules of Criminal Procedure and controlling disclosure of matters occurring before the Forty-Second Statewide Investigating Grand Jury as provided by 42 Pa.C.S. §4549, the Supervising Judge shall have the same duties and powers relating to maintaining grand jury secrecy with respect to each prior Statewide Investigating Grand Jury convened in Dauphin County or any other county identified in Rule 241(C)(3) of the Pennsylvania Rules of Criminal Procedure.

THOMAS G. SAYLOR
Chief Justice of Pennsylvania